UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DEYONTAE CORNAIL STINSON,

        Plaintiff,

     v.                                                Case No. 23-cv-1390-BHL

SGT. RETZLAFF, et al.,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Deyontae Cornail Stinson, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Stinson's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Stinson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Stinson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.44. Therefore, the Court will grant Stinson's motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Stinson is an inmate at the Green Bay Correctional Institution. Dkt. No. 1 at 1. Defendants are Sgt. Retzlaff and Nurse Jane Doe. *Id.*

2

On August 3, 2023, at around 2:25 p.m., Stinson had a mental breakdown, including suicidal thoughts. *Id*. Stinson told Sgt. Retzlaff, "I'm going to kill myself." *Id*. Sgt. Retzlaff responded, "Ok I'll call the lieutenant." *Id*. He then walked away without using his radio, which was contrary to prison precautionary measures. *Id*. at 1-2. Stinson felt helpless and started breaking down a razor until just the blade was left. *Id*. at 2.

About an hour and a half passed, and no one arrived to assist Stinson with his suicidal thoughts. *Id*. At that point, Stinson gave in to his suicidal urges, cutting his arm over and over again until blood was gushing out of his arm. *Id*. Some other correctional officers arrived to serve dinner trays and saw his arm. *Id*. Stinson explained what happened and they radioed for help immediately. *Id*. Stinson then agreed to hand over the razor blade, cuff-up, and go to the front holding area. *Id*. While in the front holding area, someone from the Psychological Services Unit came to talk to Stinson and ordered his placement on observation status. *Id*.

As Stinson was waiting to be escorted to observation status, he saw Sgt. Retzlaff and asked why he failed to call a lieutenant earlier in the day. *Id*. at 2-3. Sgt. Retzlaff curtly responded, "I forgot," and still seemed generally unconcerned about the circumstances. *Id.* at 3. Stinson was then taken to observation status. *Id*. Stinson states that, while in observation status, he was given "good medical treatment" by Nurse Jane Doe, but she forgot to measure his arm wound and document its length in his medical records. *Id*. For relief, Stinson seeks monetary damages.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

To state a claim under the Eighth Amendment, Stinson must allege that: (1) he presented an objectively serious medical need; and (2) Defendants responded with deliberate indifference, thereby resulting in some injury. *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020) (citing *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016)). "All agree that suicide is an objectively serious medical condition…[and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." *Id.* (citing *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019)). A defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728.

Stinson alleges that he told Sgt. Retzlaff that he was suicidal and was about to kill himself. Instead of providing aid or assistance, Sgt. Retzlaff allegedly just walked away and "forgot" to radio in for help. Stinson later engaged in self-harm, and when Sgt. Retzlaff found out, he continued to be callous and generally unconcerned about Stinson's circumstances. Based on these allegations, the Court can reasonably infer that Sgt. Retzlaff may have been deliberately indifferent to an objectively medical condition. Therefore, Stinson may proceed on an Eighth Amendment deliberate indifference claim against Sgt. Retzlaff in connection with the August 3, 2023 self-harm incident at the Green Bay Correctional Institution.

With respect to Nurse Jane Doe, Stinson alleges that she "gave me good medical treatment," but that she "breached the policies and procedures in place by the DOC and DAI" by failing to measure the length of his wound. Dkt. No. 1 at 3. Stinson alleges that she was "negligent" and may cause damage to his legal claims against Sgt. Retzlaff. Stinson's admission that Nurse Jane Doe provided good medical treatment precludes an inference that she was deliberately indifferent towards a serious medical condition. Further, neither negligence nor a violation of prison policy or procedures states a constitutional claim. *See Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) ("[N]egligence, or even gross negligence does not equate to deliberate indifference."); *see also Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017)

4

("Section 1983 protects against constitutional violations, not violations of departmental regulation and practices."). Therefore, the Court will dismiss Nurse Jane Doe from the case.

### Conclusion

Based on his complaint, Stinson may proceed on an Eighth Amendment deliberate indifference claim against Sgt. Retzlaff in connection with the August 3, 2023 self-harm incident at the Green Bay Correctional Institution. But he has failed to state a claim against Nurse Jane Doe.

**IT IS THEREFORE ORDERED** that Stinson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Nurse Jane Doe is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Stinson's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Retzlaff.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Retzlaff shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Stinson shall collect from his institution trust account the **$347.56** balance of the filing fee by collecting monthly payments from Stinson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Stinson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Stinson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Stinson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge